**Darnell WASHINGTON, Petitioner–Appellant,**

v.

**Fred BROWN, Warden; California State Attorney General, Respondents–Appellees.**

No. 03–55327.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2004.

Decided June 23, 2004.

Darnell Washington, San Luis Obispo, CA, pro se.

Diane E. Berley, Esq., Law Offices of Berley & DeVito, West Hills, CA, for Petitioner–Appellant.

Analee J. Brodie, Esq., Stephanie A. Miyoshi, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondents–Appellees.

Before: TROTT, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM *

Darnell Washington appeals the district court's denial of his 28 U.S.C. § 2254 petition challenging his jury conviction of murder with use of a firearm. Washington asserts that the admission of his nontestifying codefendant's confession violated his Sixth Amendment Confrontation Clause rights. The California Court of Appeal found that his codefendant's confession was properly redacted and did not implicate him. The district court found that admission of the statement was in error, but was harmless. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court cannot grant an application for a writ of habeas corpus with regard to any claim that has been adjudicated on the merits by the state court unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The phrase "clearly established federal law" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

"[A] defendant is deprived of his Sixth Amendment right of confrontation when

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[a] facially incriminating confession of a nontestifying codefendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the codefendant." *Richardson v. Marsh,* 481 U.S. 200, 207, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) (citing *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968)). There is no constitutional violation, however, if the confession is admitted, with a proper limiting instruction, and redacted to eliminate the defendant's name and any reference to the existence of another party. *Id.* at 211, 107 S.Ct. 1702. A redacted confession that substituted blanks or the word "delete" for the defendant's name, however, does violate *Bruton. Gray v. Maryland,* 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998). Here, the California Court of Appeal applied this Supreme Court authority and found that the trial court's admission of Washington's nontestifying codefendant's confession did not violate his constitutional rights. Specifically, the state court of appeal found that there was nothing in the statement to indicate that a name had been deleted. As the state court noted, the confession's references to "someone," "an individual," and a "person" do not indicate that any specific name had been deliberately deleted. Indeed, the overall number of unidentified individuals present at the crime scene and the fact that there were several unnamed participants in the murder distinguishes this statement from *Gray,* because it does not "obviously refer directly to someone." *Id.* at 196, 118 S.Ct. 1151.

Accordingly, we conclude that the state court's decision that the confession did not implicate Washington was not an unreasonable application of clearly established federal law.

AFFIRMED.